UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOB ROBLES,<br><br>                    Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No.  2:20-cv-01069-JDP (SS)<br><br>ORDER DENYING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 19<br><br>ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 22 |

Robles ("claimant") challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits and supplemental security income. ECF No. 1. He argues that the medical evidence demonstrated that he required "rest"—which he interprets to mean time off-task—and that the Administrative Law Judge ("ALJ") erred by failing to account for that evidence. The Commissioner responds by arguing that the ALJ accounted for claimant's need for "rest"—interpreting the term to mean time off his feet—by providing a time-limited, sit-stand option. This case thus turns primarily on the meaning of "rest."

Both parties have moved for summary judgment. ECF Nos. 19, 22. The matter is ripe for review, and this court now denies claimant's motion for summary judgment and grants the Commissioner's cross-motion for summary judgment.[1]

I. **STANDARD OF REVIEW**

On appeal, I ask whether substantial evidence supports the factual findings of the ALJ and whether the ALJ applied the correct legal standards. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. § 405(g). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). In reviewing the application of correct legal standards, I consider whether the ALJ followed regulatory guidelines and considered the appropriate factors when weighing medical opinion evidence.[2] *See* 20 C.F.R. §§ 404.1527, 416.927; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

While "the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities," "the ALJ's findings . . . must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal citation omitted); *see Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (noting that, when an ALJ disagrees with medical opinions, "[t]he ALJ must do more than offer his conclusions[; h]e must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Additionally, I review only the reasons provided by the ALJ in the disability determination and will not affirm based on a ground upon which the ALJ did not rely. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

---

[1] Both parties have consented to magistrate judge jurisdiction. ECF Nos. 6, 9.
[2] Because claimant filed for disability prior to March 27, 2017, the Social Security Administration's revised rules regarding the evaluation of medical opinion evidence do not apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

A motion for summary judgment will be granted only when the there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of establishing that there is no genuine issue of material fact lies with the moving party. *See Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). Once the moving party has met that burden by "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts showing that such contradiction is possible." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 950-52 (9th Cir. 1978); *see also Nissan*, 210 F.3d at 1102-03.

## II.     BACKGROUND

Claimant applied for disability insurance benefits and supplemental security income in July 2011, alleging disability since June 24, 2009. AR 437-38, 439-47. In his disability report, he stated that his ability to work is limited by cognitive difficulties and bone necrosis of the ankle. AR 493. His application was denied both initially and upon reconsideration. AR 235-42. Claimant then requested a hearing before an ALJ. AR 244-45. The ALJ held a hearing in May 2013 and issued a decision that same month finding that claimant was not disabled. AR 42-73, 200-21. Claimant requested review by the Appeals Council, which granted the request, found legal error in the ALJ's decision, and remanded for further proceedings. AR 222-27, 289. The ALJ then held two more hearings in November 2015 and August 2016. AR 74-121. The ALJ issued a second decision in September 2016, again finding that claimant was not disabled. AR 11-41. This time, the Appeals Council denied claimant's request for review, at which point he sought review by this court. AR 3-8, 1088-99. The court found legal error and remanded for further proceedings. AR 1100-14; *see Robles v. Berryhill*, No. 1:17-cv-00566-BAM, 2018 WL 4562773, at *5 (E.D. Cal. Sep. 21, 2018). The ALJ held another hearing in January 2020, and issued a third decision in February 2020, finding that claimant was not disabled. AR 985-1050. Claimant requested a review of that third decision, and the Appeals Council denied the request. AR 985-87. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### *a. The ALJ's Decision*

An ALJ determines eligibility for Social Security benefits in a five-step sequential evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments listed in the regulations; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. § 416.920. The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f)*; Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step one, the ALJ found that claimant had not engaged in substantial gainful activity since June 24, 2009, the alleged onset date.[3] AR 991. At step two, the ALJ found that claimant had the severe impairments of obesity; chronic right ankle sprain/strain; osteochondritis dessicans of the right ankle, status post arthroscopy in 2009; and chronic regional pain syndrome. AR 991. At step three, the ALJ found that claimant did not have an impairment or combination of impairments that met or medically equaled the severity of any of the impairments listed in the regulations. AR 997. Before proceeding to step four, the ALJ found that claimant's RFC enabled him to perform light work with no more than four hours of standing or walking per day, and a sit-stand option every thirty minutes. AR 998-99. At step four, the ALJ found that claimant could not perform past relevant work. AR 1011. At step five, the ALJ found that considering claimant's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that he could perform. AR 1011-12. Therefore, the ALJ determined that claimant was not disabled. AR 1012.

In arriving at these findings, the ALJ accorded substantial weight to the opinions of Drs.

---

[3] Plaintiff has received three adverse decisions from administrative hearings, the previous two of which were remanded by the Appeals Council and by this court. AR 11-41, 200-21, 985-1050. I consider the entire administrative record, but my review is limited to the most recent decision, AR 985-1021.

Van Kirk, Bullard, and Wright.  Dr. Van Kirk opined that claimant "should be able to sit down and rest periodically for a brief period of time should he develop progressive pain in the right ankle."  AR 704.  State agency non-examining consultants, Drs. Bullard and Wright, endorsed Dr. Van Kirk's finding.[4]  AR 134, 171.

### *b. The Motions*

In his motion for summary judgment, claimant argues that Drs. Van Kirk, Bullard, and Wright all "found the limitation that [claimant] will need to rest when alternating sitting and standing," and that it is legal error to fail to account for that limitation in the RFC without explaining why those findings were disregarded.  ECF No. 19 at 11-14.  In his opposition and cross-motion for summary judgment, the Commissioner responds that claimant's RFC appropriately accounts for his limitations and, to the extent that the medical opinion evidence is open to more than one interpretation, the court should defer to the ALJ's reasonable interpretation.  ECF No. 22 at 8-11.

### III.   ANALYSIS

A claimant's RFC is what he can still do despite his physical, mental, and other limitations.  *See Mayes v. Massanari,* 276 F.3d 453, 460 (9th Cir. 2001) (citing 20 C.F.R. pt. 404, subpt. P, app. 2, 200.00(c)).  An ALJ's RFC determination must be based on medical opinions and the totality of the record.  *See* 20 C.F.R. §§ 416.927(b), 416.946(c).  In determining RFC, an ALJ is responsible for "determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  In making these determinations, an ALJ must account for all a claimant's limitations.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, must set out all the limitations and restrictions of the particular claimant.  Thus, an RFC that

---

[4] Treating physician Dr. Richey stated that claimant "may need to alternate sit/stand."  AR 800.  Consultative examiner Dr. Barnes stated that claimant could sit without limitation.  AR 950.  Consultative examiner Dr. Serra, providing the most recent consultative examination in April 2019, found that claimant could sit for six hours.  AR 1220.

fails to take into account a claimant's limitations is defective.") (internal quotation and citation removed).

Claimant's RFC states that "[h]e requires a sit-stand option, alternating every 30 minutes without time off task." AR 998. He argues that this language fails to account for Dr. Van Kirk's finding that he "should be able to sit down and rest" at times.[5] *See* ECF No. 19 at 10-13; AR 704. Claimant's argument thus turns on the interpretation of "rest." The ALJ only erred to the extent that the ability "to sit down and rest" necessitates "time off task." Claimant's interpretation is not necessarily unreasonable; if "to sit down" means the same thing as "rest," it could be seen as redundant to state both. But in the context of a medical opinion that focuses on claimant's ability to stand and walk—this particular finding was included in the section regarding claimant's "[m]aximum standing/walking capacity"—it is reasonable to interpret "sit down and rest" to mean only that claimant needs time to rest his feet, as opposed to rest from work. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F. 3d 676, 679 (9th Cir. 2005).

It is relevant that the notes from Dr. Van Kirk's evaluation support the ALJ's finding that claimant did not require time off-task. While repeatedly noting the pain that claimant reported when walking and standing, Dr. Van Kirk noted that "[s]itting is not a problem." AR 702. Accordingly, Dr. Van Kirk found that claimant had no limitations when it came to his maximum sitting capacity. AR 704. His notes include no findings that claimant would require time off task after a period of standing or walking. *See* AR 701-04.

Because I afford deference to an ALJ's rational interpretation of the medical evidence, and the ALJ accounted for claimant's need to rest by including a sit-stand option in his RFC, the ALJ did not commit legal error. Claimant has failed to show a basis for remand.

## IV. CONCLUSION AND ORDER

For the reasons stated in this opinion, the court concludes that the ALJ's RFC findings are supported by substantial evidence in the record and that the RFC adequately accounts for the

---

[5] Drs. Wright and Bullard endorsed Dr. Van Kirk's finding without adding any additional limitations regarding claimant's need to rest.

claimant's limitations. The ALJ did not err.[6] The Commissioner has met his burden of establishing that he is entitled to judgment as a matter of law. The court hereby orders that:

1. claimant Job Robles' motion for summary judgment, ECF No. 19, be denied;
2. the Commissioner's cross-motion for summary judgment, ECF No. 22, be granted;
3. the decision of the Commissioner of Social Security affirmed; and
4. the clerk of this court enter judgment in favor of defendant Commissioner of Social Security and against claimant Job Robles, and close this case.

IT IS SO ORDERED.

Dated:   September 20, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[6] Claimant has submitted notice of new legal authority citing recent decisions of the Supreme Court and an opinion issued by the Department of Justice's Office of Legal Counsel ("OLC"). *See* ECF No. 23 at 1 (citing, *inter alia*, *Collins v. Yellen*, 141 S. Ct. 1761 (2021)). Claimant asserts that the OLC opinion "casts significant doubt onto the constitutionality of the appointment of the Commissioner of Social Security." *Id.* He does not develop this argument, however, and I am unconvinced that the cited authorities impact the instant case. *See Collins*, 141 S. Ct. at 1802 (Kagan, J., concurring in part) (expressing doubt that the Supreme Court's decision would require "the mass of SSA decisions . . . to be undone").